UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent, | ) | |
| | ) | |
| v. | ) | No. 2:10-CR-61 |
| | ) | No. 2:12-CV-360 |
| | ) | |
| PLACIDO VENTURA MENDOZA, | ) | |
|     Petitioner. | ) | |

MEMORANDUM OPINION

This matter is before the Court on the "Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant to 28 U.S.C. § 2255," [Doc. 244],[1] filed by Placido Ventura Mendoza ("Mendoza" or "petitioner"), including an Affidavit, [Doc. 244-1], and a Memorandum in Support, [Doc. 245]. The United States has responded in opposition, [Doc. 262], and petitioner has replied, [Doc. 265].[2] The matter is now ripe for disposition. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be DENIED.

I. **Procedural and Factual Background**

A criminal complaint was filed on May 15, 2010, [Doc. 1], charging Mendoza and three co-defendants with conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine in violation of Title 21 United States Code §§ 846, 841(a)(1) and

---

[1] All references are to docket entries in case No. 2:10-CR-61 unless otherwise indicated.

[2] The petitioner has also filed a "Motion Requesting Status on 28 U.S.C. § 2255 Motion," [Doc. 285]. That motion is DENIED AS MOOT. In addition, this Court notes the petitioner has a pending motion to reduce his sentence pursuant to Title 18 United States Code section 3582(c) and Amendment 782 of the United States Sentencing Guidelines. That motion will be decided in due course.

1

(b)(1)(A). Mendoza was ordered temporarily detained by the United States Magistrate Judge on May 18, 2010, [Doc. 16], and was ordered detained pending trial by order entered on May 27, 2010, after a detention hearing, [Doc. 34]. On June 8, 2010, a federal grand jury returned a ten-count indictment charging Mendoza and co-defendants with a conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine. Mendoza was also charged in Count Four of the indictment with possessing with the intent to distribute 500 grams or more of methamphetamine and in Count Five with possession of a firearm in furtherance of the drug trafficking offenses charged in Counts One and Four of the indictment. In Count Eight, he was charged with illegal reentry in violation of Title 8 United States Code sections 1326(a) and (b). The Court appointed counsel to represent the petitioner, [*see* Doc. 15].

On April 25, 2011, the United States filed a Plea Agreement signed by the petitioner, and the Court held a Change of Plea Hearing on April 27, 2011. An Amended Plea Agreement was filed at the hearing. The petitioner pleaded guilty to Count One of the Indictment, and the Court took the plea agreement under advisement. A sentencing hearing was held on September 12, 2011, and Mendoza was sentenced to 174 months of imprisonment. [*See* Doc. 206]. Judgment was entered on September 26, 2011, [Doc. 206]. Mendoza did not file a direct appeal. The petitioner filed this timely motion to vacate on August 22, 2012.

II.     **Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially

whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland* 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

4

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

## III. Analysis and Discussion

Petitioner raises three claims of ineffective assistance of counsel in his motion, which he states as follows:

> (1)  Defense counsel Karmen L. Waters failed to file an appeal after being instructed to do so by defendant at sentencing;
>
> (2)  Defense counsel Karmen L. Waters was ineffective at sentencing by failing to object to a firearm enhancement in the PSR; and
>
> (3)  Defense counsel Karmen L. Waters failed to move at sentencing for a departure under the "fast track" program for which defendant was eligible.

5

The petitioner raised another claim in his memorandum that the "District Court erred at sentencing when it failed to ask defendant if he had any challenges to the PSR." The Court will address each of these grounds in turn.

A.   **Ground One**

First, the petitioner claims that counsel was ineffective for failing to file a notice of appeal despite his instructions to do so. [Doc. 244, pg. 5]. "[A] lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Regaldo v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003). Where counsel fails to file an appeal after being specifically instructed to do so, a defendant is ordinarily entitled to a delayed direct appeal, regardless of whether such an appeal would be meritorious, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

Here, however, the petitioner has presented no evidence to support his assertion that he asked counsel to file an appeal for him, and the lack of factual support is fatal to his claim. *See Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *3 (6th Cir. Apr. 15, 1999) (denying relief where a § 2255 petitioner "made no attempt to provide the court with any [relevant] facts" to support his claim that counsel should have filed a direct appeal); *accord O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Furthermore, petitioner's unsubstantiated allegation is clearly contradicted by Karmen Water's sworn affidavit. She states that she discussed the possibility of an appeal with petitioner immediately after sentencing and warned him that it would be "difficult due to the [appeal] waiver provisions in the plea agreement." The petitioner repeatedly said he "did not want to appeal." [262-1, ¶ 6] Moreover, counsel stated that she received no telephone calls or other communication from petitioner

requesting an appeal. The first letter she received from petitioner after he was sentenced did not "reference a[ny] request for [counsel] to file an appeal." [262-1, ¶¶ 7-8] Counsel's further states that had petitioner directed counsel to file an appeal, she would have done so, notwithstanding the appeal-waiver provision in the plea agreement. [262-1, ¶ 6] This Court credits counsel's affidavit over petitioner's unsubstantiated allegation. *See Cummings v. United States*, 84 F. App'x 603, 605 (6th Cir. 2003) (district court did not commit clear error by crediting counsel's affidavit indicating that no appeal had been requested).

In addition, petitioner explicitly waived his right to appeal when pleading guilty, unless he received a sentence "above the sentencing guideline range . . . determined by the district court." [Doc. 143, ¶ 14(a)] His sentence was within the range determined by the district court, so this provision would have barred any appeal. If counsel had filed an appeal regarding petitioner's sentence, the United States would have filed a motion to dismiss based on the appellate-waiver provision in the plea agreement, and such a motion would likely have been granted. *See, e.g., United States v. Sharp*, 442 F.3d 946, 949-52 (6th Cir. 2006) (dismissing an appeal where the defendant had waived the right to appeal when he pleaded guilty). The enforceable appeal-waiver provision makes it less likely that petitioner timely asked counsel to appeal. Because petitioner has not shown that he timely instructed counsel to file an appeal on his behalf, his first ineffectiveness claim should be rejected as meritless.

**B.     Ground Two**

First, the petitioner explicitly waived the right to file a § 2255 motion, except for claims of ineffective assistance of counsel (or prosecutorial misconduct) not known to him by the time of the entry of judgment. [Doc. 143, ¶ 14(b)] Counsel's failure to object to the firearms enhancement at sentencing would have been known to petitioner before the entry of judgment.

7

A defendant may waive any right, even a constitutional right, if he does so knowingly and voluntarily, and that a waiver provision in a plea agreement is enforceable. *See United States v. Fleming*, 239 F.3d 761, 263-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Here, because petitioner knowingly and voluntarily waived his right to file a § 2255 motion with few exceptions, and this claim does not fall within one of those exceptions, then this claim has been waived. Nonetheless, the Court will address the merits.

Second, counsel did argue that the petitioner's co-conspirator's possession of a firearm should not be attributed to the petitioner and should not disqualify him from safety valve eligibility. [Doc. 213, pg. 8-9] Moreover, counsel filed a written objection to the PSR on this basis. However, counsel did not directly object to the firearm enhancement.

The Guidelines provide that the base offense level for a drug trafficking offense is to be increased by two levels where "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The enhancement "should be applied if the weapon was present, unless it is clearly improbably that the weapon was connected with the offense." *United States v. Ward*, 506 F.3d 468, 474-75 (6th Cir. 2007) (quoting U.S.S.G. § 2D1.1, comment. n.3). Furthermore, it is well-settled that the enhancement also applies to co-conspirators, not merely the actual or constructive possessor(s) of the weapon, so long as it was reasonably foreseeable to the defendant whose sentence is being enhanced that a co-conspirator would possess a firearm. U.S.S.G. § 1B1.3(1)(B); *United States v. Woods*, 604 F.3d 286, 290 (6th Cir. 2010);

8

*United States v. Galvan*, 453 F.3d 738, 742 (6th Cir. 2006). At sentencing, this Court referenced evidence that the petitioner "knew that a firearm was likely to be present in connection with this offense." [Doc. 213, pg. 29 30, 46] Thus, because the Court specifically found it reasonably foreseeable to petitioner that a co-conspirator would possess a firearm in furtherance of the drug trafficking conspiracy, and because, even now, petitioner has not identified any evidence from which this Court could have concluded that it was clearly improbable that the firearm recovered from co-conspirator Perez's vehicle was connected with the offense, the firearms enhancement was correctly applied. Counsel had no legitimate basis to object to it, and the petitioner was not prejudiced by counsel's failure to object.

    **C.    Ground Three**

Next, the petitioner argues that counsel was ineffective for failing to move at sentencing for a departure under the "fast track" program for which defendant claims he was eligible. Preliminarily, this claim is also procedurally defaulted and waived for the same reasons set forth as to ground two. This failure was known to the petitioner prior to the entry of judgment. Thus, he waived any filing of a section 2255 motion in that regard. Still, this Court will address the argument on its merits.

United States Sentencing Guideline section 5K3.1 states that the four-level reduction is only available "upon motion of the government." USSG § 5K3.1. No such motion was made in this case because although a "fast-track" program exists in the Eastern District of Tennessee for certain immigration cases, it does not encompass drug conspiracy cases. A petitioner cannot unilaterally announce his eligibility for or entitlement to a "fast-track" sentence reduction, and again, the motion must be made by the government. This argument is meritless, and counsel

9

cannot be constitutionally ineffective for failing to raise a meritless argument. *See, e.g., Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999).

### D. Ground Four

Lastly, the petitioner claims he is entitled to section 2255 relief because this Court erred by not asking the petitioner if he had any objections to the PSR and by declining to grant a safety-valve reduction. First, this Court's practice is to thoroughly address whether the petitioner has any objections at the sentencing hearing. The record indicates that the Court did so in this case. Furthermore, this Court correctly denied the application of the safety-valve reduction. This Court need not review the merits of those decisions for collateral review is not the correct forum for raising sentencing claims. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999).

### IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be DENIED and his motion DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467.

Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A certificate of appealability should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will DENY a certificate of appealibility.

A separate judgment will enter.

    ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE